```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
      - against -                 :          16 CR 584 (VM)
                                  :
ANTONIO MENDEZ,                   :          **DECISION AND ORDER**
                                  :
                   Defendant.     :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Antonio Mendez ("Mendez") on January 27, 2017, to sixty months' imprisonment followed by three years of supervised release. (See "Judgment," Dkt. No. 36.) Mendez was sentenced on two counts: (1) Attempted Hobbs Act robbery, in violation of 18 U.S.C. Section 1951, and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. Section 922(g)(1). Mendez did not file a direct appeal.

On October 1, 2019, Mendez submitted a letter to the Court requesting the appointment of counsel to argue on his behalf that his conviction is invalid under the recent Supreme Court case, Rehaif v. United States, 139 S. Ct. 2191 (2019). (See "Rehaif Motion," Dkt. No. 42.) The Court ordered the Government to submit its views as to whether Mendez qualified for relief under Rehaif. (See Dkt. No. 44.) The Government responded on November 17, 2019, arguing that Mendez did not qualify for relief because his claim was procedurally

defaulted and failed on the merits. (See "Rehaif Opposition," Dkt. No. 45.) The Court ordered Mendez to respond to the Opposition within 45 days, but he did not do so. (See Dkt. No. 48.) Instead, on April 6, 2020, Mendez filed a motion to vacate his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255") due to his counsel's ineffectiveness in failing to raise a Rehaif claim. (See "Habeas Motion," Dkt. No. 49.) The Court again ordered the Government to respond (see Dkt. No. 50), which it did by letter dated July 6, 2020. (See "Habeas Opposition," Dkt. No. 54.)[1] Mendez replied in support of his Habeas Motion by undated letter received September 17, 2020. (See "Habeas Reply," Dkt. No. 55.)

Because the Court agrees with the Government that Mendez's claims are untimely, the Court will deny both the Rehaif Motion and the Habeas Motion. Mendez was sentenced on January 27, 2017, and his judgment was entered on January 31, 2017. His conviction became final when the time for filing a direct appeal expired. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Accordingly, his conviction became

---

[1] Mendez wrote several other letters to the Court requesting various forms of relief including assistance in filing his Rehaif claim (see Dkt. No. 47), requesting a copy of the docket sheet and his sentencing transcript (see Dkt. No. 51), and requesting assistance with legal research on sting operations (see Dkt. No. 53). The Court directed the Clerk of Court to send Mendez a copy of the docket sheet and his sentencing transcript. (See Dkt. No. 52.) Insofar as Mendez seeks legal assistance and the appointment of counsel, the Court denies his request for the same reasons given in this decision.

final on February 14, 2017. Id.; see also Fed. R. App. P.
4(b)(1)(A). Once his conviction became final, Mendez had one
year to file a habeas motion pursuant to Section 2255. See
Section 2255(f) ("A 1-year period of limitations shall apply
to a motion under this section. The limitation period shall
run from the latest of[] the date on which the judgment of
conviction becomes final . . . ."). Thus, the deadline for
Mendez to bring a Section 2255 motion was February 14, 2018.
Mendez first raised his right to relief under Rehaif on
October 1, 2019, over one year late, and his ineffective
assistance of counsel claim on April 6, 2020, over two years
late. Both his Rehaif Motion and his 2255 Motion are therefore
untimely.[2]

Furthermore, even if his claims were not untimely,
Mendez's motions are procedurally defaulted. Mendez failed to
raise his Rehaif objection after he pleaded guilty or on
direct appeal. Generally a court may not consider on
collateral review an issue that could have been, but was not,
raised on direct review; such claims are procedurally

---

[2] Although Section 2255(f)(3) also provides that motions are timely
if filed within one year from a Supreme Court decision recognizing the
asserted right, that subsection only applies if the right is "made
retroactively applicable to cases on collateral review." Because Rehaif
resolved only a question of statutory interpretation, it does not apply
retroactively, such that a Section 2255 motion would be timely if filed
within one year of the Supreme Court's decision. See Mata v. United
States, 969 F.3d 91, 92 (2d Cir. 2020).

defaulted, and the petitioner must demonstrate both cause excusing the failure to raise the issue and prejudice resulting from the error. United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011); United States v. Frady, 456 U.S. 152 (1982).

Mendez cannot establish either cause or prejudice. Mendez argues that he is entitled to relief under Rehaif. In Rehaif v. United States, the Supreme Court held that in prosecutions under 18 U.S.C. Section 922(g), the Government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to a relevant category of persons restricted from possessing a firearm. Rehaif, 139 S. Ct. at 2200. By relying on Rehaif, Mendez appears to argue that the Government did not prove that he knew he belonged to the restricted category of persons -- here, persons convicted of felonies carrying potential terms of imprisonment greater than one year. Mendez cannot demonstrate prejudice where, at the time of his offense, not only had he been convicted of two felonies that carried potential terms of imprisonment greater than one year (see "Plea Transcript," Dkt. No. 28, at 18), but he had actually received sentences greater than one year. (Rehaif Opposition at 1-2 (describing plea agreement).) There is thus "no realistic defense that [he] did not know that he had previously been convicted of a crime punishable

4

by more than one year in prison." <u>Rosario Figueroa v. United States</u>, No. 16 Civ. 4469, 2020 WL 2192536, at *6 (S.D.N.Y. May 6, 2020) (internal quotations and citation omitted). Nor can Mendez demonstrate cause for his failure to raise the issue earlier where, "before the Supreme Court decided <u>Rehaif</u>, 'the Federal Reporters were replete with cases' deciding its central issue." <u>Harrison v. United States</u>, No. 07 CR 757, 2020 WL 4481937, at *4 (E.D.N.Y. Aug. 4, 2020) (quoting <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)).

Mendez's second claim fares no better. Mendez argues that his counsel was ineffective for not raising an argument under <u>Rehaif</u>. To raise a claim of ineffective assistance of counsel, a defendant must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) a "reasonable probability that" but for his counsel's errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). Mendez cannot demonstrate a reasonable probability of a different outcome had his counsel raised a <u>Rehaif</u>-type argument given the clear record in this case that he knew he had been convicted of two felonies.

Finally, in his reply, Mendez also argues that the Government did not prove that his knowledge that the gun had crossed state lines. Mendez cannot show prejudice with

respect to this element of the charge either. He stipulated that the firearm had been transported in interstate commerce, and at his plea, the Government proffered that if the case went to trial, an agent would explain that the gun was purchased out of state and traveled to New York. (Plea Transcript at 19.) Mendez cannot show prejudice given the clear record in the plea transcript.[3]

Accordingly, it is hereby

**ORDERED** that defendant Antonio Mendez's ("Mendez's") motion (Dkt. No. 42) for relief pursuant to <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019) is **DENIED,** and it is further

**ORDERED** that Mendez's motion (Dkt. No. 49) for relief pursuant to 28 U.S.C. Section 2255 is **DENIED.** The Clerk of Court is respectfully requested to mail a copy of this Order to Antonio Mendez #64003-053, USP Thomson, U.S. Penitentiary, PO Box 1002, Thomson, IL 61285, and note service on the docket.

---

[3] The Government does not clearly articulate whether the standard to be applied in this case is the cause and prejudice standard or the slightly less onerous "plain error" review. Nevertheless, even under plain error review, Mendez's claims would fail, because even assuming the error was plain, it did not affect Mendez's substantial rights for the same reason he did not suffer prejudice. <u>See</u> <u>United States v. Balde</u>, 943 F.3d 73, 95-96 (2d Cir. 2019) (applying plain error review to a <u>Rehaif</u> claim not raised below).

Because Malloy has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**

Dated:   New York, New York
         25 September 2020

                                        _____
                                              Victor Marrero
                                                 U.S.D.J.